IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RENEE CASTANEDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  Case No. 1:20 CV 262 ACL |
| | ) |
| SAINT FRANCIS MEDICAL CENTER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is Defendants Cape Girardeau Surgical Clinic, Inc.

("CGSC") and Ronald Richmond, M.D.'s Motion to Compel.  (Doc. 93.)  Plaintiff opposes the

Motion.  (Doc. 96.)

**I.      Background**

Plaintiff Renee Castaneda brought this action alleging negligence and product liability

claims against four different defendants relating to a surgery she underwent in December of

2018.  Specifically, she asserted medical malpractice claims against Defendants CGSC, Ronald

Richmond, and Saint Francis Medical Center ("SFMC"); and product liability claims against

Defendants Ethicon US, LLC ("Ethicon") and Torax Medical, Inc. ("Torax") .  On April 7, 2021,

Plaintiff voluntarily dismissed her claims against Defendant Ethicon.  (Doc. 43.)  In May 2022,

Plaintiff and Defendant Torax reached a settlement, which resulted in Plaintiff dismissing

Defendant Torax.  (Docs. 76, 77.)  Plaintiff and Defendant SFMC reached a settlement during

the September 6, 2022 mediation, although dismissal paperwork has not yet been filed.  (Doc.

95.)

In the instant Motion, Defendants CGSC and Richmond state that they served their Fifth

Request for Production of Documents on Plaintiff shortly after the dismissal of Defendant Torax.

This Request sought the following categories of documents: (1) Any agreement with any

Defendant for the settlement of any claims brought in the instant cause of action; and (2) Any

settlement agreement with any person for any injuries or damages claimed in the instant cause of

action.  (Doc. 93-1 at 2.)  Plaintiff did not produce any documents and responded to both

requests as follows: "The agreement was confidential and not relevant to Plaintiff's claims

against this Defendant.  Defendant Torax would need to consent to disclosure and/or Defendants

would need to obtain an order from the Court."  *Id.*

## II.    Discussion

Federal Rule of Civil Procedure 37 authorizes motions to compel discovery.  *See* Fed. R.

Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an

order compelling disclosure or discovery.").  Rule 26(b) governs the scope of discovery in

federal matters, and states that:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable.

Fed. R. Civ. P. 26(b)(1).  Rule 26 "vests the district court with broad discretion in regulating

discovery."  *United States v. James B. Nutter & Co.*, 2021 WL 4227058, at *1 (W.D. Mo. Sept.

16, 2021) (citing Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).

Here, Defendants argue that the settlement agreement between Plaintiff and Torax is relevant to Defendants' potential affirmative defenses of a reduction in potential liability due to Plaintiff's settlement and release. They contend that these affirmative defenses must be pleaded and proved pursuant to Missouri statutory law. They therefore request that the Court order Plaintiff to produce the settlement agreement. Defendants indicate that they have no objection to the Court limiting the disclosure to the parties and counsel of record.

Plaintiff argues that she is prohibited from producing the document by the confidentiality agreement. Plaintiff states that she is willing to produce the information, "without providing the full agreement, limited to just the attorneys in this matter, if given permission by the third party or ordered by the Court." (Doc. 96 at 3.) Plaintiff argues that such a "limited disclosure" comports with the decision of this Court in *Blount v. Major*, No. 4:15CV322DDN, 2016 WL 6441597 (E.D. Mo. Nov. 1, 2016).

Missouri's contribution statute provides, in relevant part:

Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

Mo. Rev. Stat. § 537.060.

In *Blount*, like the instant case, remaining defendants requested the terms of the settlement agreements of settling defendants, and the plaintiff objected on the basis of confidentiality. 2016 WL 6441597, at * 1. The Court[1] stated that "[a] concern for protecting

---

[1] The Honorable David D. Noce, United States Magistrate Judge.

confidentiality does not equate to privilege, and several courts have found that settlement agreements are not shielded from discovery simply because they are confidential." *Id.* The defendant argued that it was entitled to obtain information regarding the amounts which plaintiff had previously obtained from its settlements with the former defendants, as this information was relevant to the issue of "what, if any, damages plaintiff may still allege." *Id.* at 2. The Court ultimately granted defendant's motion, but limited the disclosure by entering a protective order proposed by the settling defendants. *Id.*

The Court finds that the requested information is relevant to Defendants' defenses. Indeed, Plaintiff does not dispute the relevancy of the settlement agreement but only objects to its disclosure based on confidentiality. Plaintiff's confidentiality concerns can be adequately addressed by limiting the production of the agreement to the attorneys of record pursuant to the terms of the Protective Order (Doc. 63) previously entered in this matter on December 21, 2021. As noted by Defendants' counsel, they "are under an obligation to advise their clients of the amount of exposure and defenses they have." (Doc. 97 at 2.)

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Compel (Doc. 93) is **granted.** Plaintiff must produce the settlement agreement to counsel for Defendants Cape Girardeau Surgical Clinic, Inc., and Ronald Richmond **no later than October 14, 2022.**

**IT IS FURTHER ORDERED** that the settlement agreement is designated as "CONFIDENTIAL" discovery and the contents of the agreement are restricted in accordance with the previously entered Protective Order. (Doc. 63.)

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of October, 2022.