**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RENEE CASTANEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-262-ACL |
| | ) | |
| RONALD RICHMOND, M.D., and | ) | |
| CAPE GIRARDEAU SURGICAL | ) | |
| CLINIC, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This is a medical malpractice action.  Plaintiff Renee Castaneda is suing Defendants Ronald Richmond, M.D., and Cape Girardeau Surgical Clinic, Inc. ("CGSC") for injuries she allegedly sustained after Dr. Richmond surgically implanted a LINX Reflux Management System ("LINX") in Plaintiff.  Dr. Richmond and CGSC filed a Motion for Summary Judgment (Doc. 103) regarding Count I (Doc. 1 at ¶¶ 51–56), the only count in which they were named.  The matter was previously resolved as to three other Defendants.

## I.     Factual Background

In reviewing a motion for summary judgment, the facts are construed in the light most favorable to the nonmovant.  *PPS, Inc. v. Faulkner Cnty., Ark.*,  630 F.3d 1098, 1100 (8th Cir. 2011).  Here, all reasonable inferences are drawn in the light most

favorable to Plaintiff, the nonmovant.  Any facts not referenced here were found immaterial to Plaintiff's claims.

Plaintiff suffered from gastroesophageal reflux disease (GERD), a type of acid reflux.  (Doc. 105 at ¶ 10.)  To combat her acid reflux, Dr. Richmond recommended the surgical implantation of the LINX device.  The LINX is "a titanium bead-and-wire ring surgically implanted around a patient's lower esophageal sphincter" to prevent acid reflux.  (Doc. 1 at ¶ 45.)  Plaintiff has a self-diagnosed nickel allergy, based on an event over ten years ago when she wore nickel-containing jewelry that caused her skin to get a rash, turn green, and swell.  (Doc. 105-3, Plaintiff's deposition, at 9–11.)  Plaintiff has never been tested for a nickel allergy nor has any physician ever diagnosed Plaintiff with a nickel allergy.  *Id.* at 11; (Doc. 105 at ¶ 30.)  Plaintiff's daughter told Dr. Richmond that Plaintiff has a nickel allergy, and Dr. Richmond said that should not cause issues with the LINX device because it is made of titanium, not nickel.  (Doc. 102-3 at 35–38.)

Dr. Richmond installed the LINX device on December 4, 2018.  Dr. Richmond appropriately installed the LINX and performed follow-up care.  (Doc. 105 at ¶ 35.)  After the surgery, Plaintiff suffered from nausea, vomiting, chest pains, and she had to eat baby food because she could not eat solid food.  (Doc. 102-3 at 27.)  Plaintiff had the LINX device removed by a different doctor.  Plaintiff alleges that she suffers permanent, serious injuries stemming from the installation of the LINX.

In this action, Plaintiff alleges that Defendants "deviated from th[e] standard of care when Defendant Richmond negligently performed the surgery on Plaintiff" by implanting the LINX after she reported a nickel allergy, Defendant Richmond

2

"negligently performed follow-up care," (Doc. 1 at ¶ 53) and Defendant CGSC "negligently allowed Defendant Richmond to perform surgeries utilizing the LINX device–which had been recalled–and a procedure for which he was not qualified to perform as a general surgeon who was not a GI specialist." *Id.* at ¶ 54.

Plaintiff retained one expert witness, Kurtis Stewart, M.D., a general surgeon who specializes in bariatric surgery.  (Doc. 105 at ¶ 8.)[1]  Dr. Stewart's criticisms focused on Defendants' evaluation of Plaintiff's nickel allergy.  (Doc. 65-1.)  Dr. Stewart opined that Defendants should have documented or otherwise determined that Plaintiff had a nickel allergy, counseled why Plaintiff should not get the LINX if she has a nickel allergy, and should not have implanted the LINX in a patient with a known nickel allergy.  *Id.* According to Dr. Stewart, Defendants breached the duty of care they owed to Plaintiff. Dr. Stewart opined that these failures caused damages to Plaintiff because she needed the LINX removed, she suffered worsening of her symptoms, possible permanent nerve damage, and emotional damage.  (Doc. 105 at ¶ 18.)

Dr. Stewart stated that the LINX caused these damages because of Plaintiff's nickel allergy.  (Doc. 65-1.)  Dr. Stewart was advised of Plaintiff's alleged nickel allergy by Plaintiff's counsel.  He also observed that Plaintiff "endorsed" a nickel allergy on a medical record made *after* Plaintiff's initial LINX surgery.  (Doc. 105 at ¶¶ 27–30; Defendants' Statement of Uncontroverted Material Facts); *see also* (Doc. 105-2 at 10-11, Dr. Stewart's deposition).  Dr. Stewart testified that "[Plaintiff's attorney] provid[ed him

---

[1] Defendants moved to exclude the testimony of Dr. Stewart. (Doc. 101.) That Motion is pending. The undersigned finds that this Motion for Summary Judgment may be resolved without addressing the admissibility of Dr. Stewart's testimony.

with] the information that [Plaintiff] said that she does have a nickel allergy," and "that she did tell Dr. Richmond that she had a nickel allergy prior to implementation of the LINX device." *Id*. at 10.

Dr. Stewart further opined "to a reasonable degree of medical certainty, that [Plaintiff] did, in fact, need her LINX device removed." *Id*. at 18.  Dr. Stewart affirmed that "with symptoms and a known nickel allergy with a LINX device in place…," he "would absolutely recommend removal if' Plaintiff "was a patient in [his] office." *Id*.  Plaintiff argues that Dr. Stewart's testimony provides enough evidence to create a genuine issue of fact as to causation of Plaintiff's injuries.

Dr. Richmond acknowledged during his deposition testimony that "[h]ypothetically, if somebody has a nickel or any indication that they have an allergy to the device, I would not use it.  I would not implant it."  (Doc. 106-1 at 134.)

## II.   Summary Judgment

### A.  Legal Standard

Under Federal Rule of Civil Procedure 56(a), summary judgment should be granted if all the evidence demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden to make this showing is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty*

4

*Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993). The "mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005) (internal citation omitted).

In ruling on a motion for summary judgment, the court must review the facts in the light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). This motion is fully briefed and ripe for decision.

### B. Discussion

Defendants raise four arguments in support of their motion for summary judgment. First, Defendants argue that, if the Court rules in favor of Defendants' *Daubert* Motion, summary judgment should be granted as Plaintiff cannot make a submissible case of medical negligence. Second, Defendants contend that Plaintiff, after an adequate period of discovery, cannot prove her pleaded claims of negligence. Third, Defendant argues in

the alternative that if Plaintiff is allowed to pursue unpleaded allegations of negligence, summary judgment should still be granted because Plaintiff cannot establish the material fact that she has a nickel allergy.  Finally, Defendants argue in the alternative that Plaintiff cannot prove the damages she claims were caused by Defendants' alleged negligence.

As previously noted, Defendants' Motion for Summary Judgment may be resolved without addressing the admissibility of Dr. Stewart's testimony.  Consequently, the Court will not discuss Defendants' first argument that is dependent on the Court's resolution of that issue, and will proceed with Defendants' second argument.

### 1.  Plaintiff's Pleadings

Defendants first argue that Plaintiff should not be allowed to submit the issue of her alleged nickel-allergy injury to a jury because Plaintiff did not plead that the LINX device triggered a nickel allergy or that Defendants should not have installed the LINX in a patient with a known nickel allergy.  (Doc. 104 at 7–8.)

In her complaint, Plaintiff alleges that Defendants "deviated from this standard of care when Defendant Richmond negligently performed the [LINX] surgery on Plaintiff, and negligently performed follow-up care. . ."  (Doc. 1 at ¶ 53.)  Next, Plaintiff alleges that "Defendant CGSC negligently allowed Defendant Richmond to perform surgeries utilizing the LINX device—which had been recalled—and a procedure for which he was not qualified to perform as a general surgeon who was not a GI specialist."  *Id.* at ¶ 54. Defendants argue that Plaintiff has failed to put on evidence to support the allegations in

her complaint.  Instead, Defendants argue, Plaintiff puts on evidence supporting a different allegation than what was pleaded in her complaint.

This case is not about *how* the surgery was performed.  The alleged negligence hinges on a deviation from the standard of care requiring that a medical provider not implant the LINX device on a patient who endorses a metal allergy, in this case a reported allergy to nickel.  The Complaint references a medical opinion that would specify how Defendants deviated from the standard of care.  Shortly thereafter, in a written report, Dr. Stewart opined that a reasonably prudent surgeon should not have placed the LINX device inside Plaintiff's esophagus because she had a nickel allergy.  His opinion is based on Plaintiff's disclosure of a metal allergy and the LINX manufacturer's warning:

> Contraindications:  Do not implant the LINX Reflux Management System in patients with <u>suspected</u> or known allergies to titanium, stainless steel, nickel, or ferrous materials.

(Doc. 107-3 at p. 2; Emphasis supplied.)

The undersigned finds that Plaintiff's claim that the LINX should not have been implanted due to Plaintiff's endorsed nickel allergy is sufficient to encompass the claims of negligence alleged in the Complaint.  Although the Complaint did not specifically reference a nickel allergy, the Federal Rules of Civil Procedure do not require great detail about the circumstances surrounding the cause of action.  *See* Fed. R. Civ. P. 8(a)(2) (requiring pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").  Thus, Defendants' are not entitled to summary judgment on this basis.

## 2.  Plaintiff's Negligence Claim

Defendants next contend that summary judgment should be granted because Plaintiff cannot establish the material fact that she has a nickel allergy.  They further argue that Plaintiff cannot prove the injuries she claims were caused by Defendants' alleged negligence.

Plaintiff articulates three points[2] to support her negligence claim regarding the implantation of the LINX. (Doc. 1 at ¶¶ 51-55.)  First, that Dr. Richmond and CGSC owed Plaintiff a duty to perform the surgery, and all subsequent care,. . .in a reasonable manner consistent with the standard of care.  Second, that Dr. Richmond and CGSC deviated from the standard of care when Dr. Richmond negligently performed the surgery on Plaintiff, and negligently performed follow-up care, as indicated in the medical opinion to be supplied.  The only medical opinion offered by Plaintiff is Dr. Stewart's opinion dated March 2, 2021, which articulates that the deviation from the standard of care was implanting the LINX in Plaintiff when she disclosed a metal allergy.  His opinion further includes an assertion that Cape Girardeau Surgical Center had a duty to ensure "that the appropriate systems were in place such that proper patient selection criteria were followed, assuring a LINX surgery was not performed on individuals with nickel allergies."  (Doc. 65-1 at ¶ 4.)  Finally, Dr. Stewart opined that Plaintiff sustained

---

[2] Plaintiff also alleged that Cape Girardeau Surgical Center negligently allowed Dr. Richmond to perform the LINX surgery with a recalled device, which was a procedure he was not qualified to perform as he was not a GI specialist. No evidence has been offered to support these two allegations.

physical and mental injuries, and said injuries were proximately caused by Dr. Richmond and CGSC's deviation from the standard of care.

According to Dr. Stewart, the injuries Plaintiff sustained included severe worsening of dysphagia symptoms including the inability to eat solid foods, the need for removal of the LINX device, possible permanent damage to the vagus nerve, and emotional damages resulting from those issues.  He further noted that Dr. Richmond did not adequately respond to Plaintiff's endorsement of the nickel allergy and that:

> Under like and similar circumstances, healthcare providers should be aware that nickel allergies can cause complications such as occurred in the case of Plaintiff, and that the applicable Standard of Care would require, under like and similar circumstances, that the LINX device not be placed inside of Plaintiff's esophagus.

(Doc. 65-1 at pp. 3-4.)

 Considering the facts in the light most favorable to Plaintiff, Plaintiff has presented sufficient evidence for a jury to find Dr. Richmond deviated from the standard of care for implantation of the LINX device.  That said, Plaintiff's claim falls short as she has failed to disclose evidence of causation, a key element of her negligence claim.  The only evidence to support Plaintiff's claimed injury is her own self-diagnosis that she has a nickel allergy.

Plaintiff explained that years before the LINX was implanted, she had an allergic reaction to jewelry she believed contained nickel.  She reported that the jewelry caused her skin to break out in a rash, turn green, and swell.  (Doc. 105-3, Plaintiff's deposition, at 9–11.)  Plaintiff, however, has never been tested by an allergist or any other physician for a nickel allergy.  *Id.* at 11.  Self-diagnosis alone cannot establish that Plaintiff has a

nickel allergy, and "the available medical evidence does not support [her] self-diagnosis." *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).  Nor are self-serving, conclusory statements without support sufficient to defeat summary judgment.  *Armour and Co., Inc.*, 2 F.3d 276, 279 (8th Cir. 1993).

In *Phillip v. GEO Grp., Inc*., No. 5:09-CT-3115-FL, 2012 WL 5392120, at *8 (E.D.N.C. Nov. 5, 2012), aff'd, 520 F. App'x 215 (4th Cir. 2013), the Fourth Circuit affirmed a district court's determination wherein a plaintiff failed to establish a breach of the standard of care "beyond mere speculation, that his second-hand smoke in  a correctional facility caused any of his alleged medical conditions," in that the plaintiff did not "establish[ ] the required element of proximate cause for his negligence claim." Consequently, summary judgment was granted.  Other cases have concluded that a plaintiff's lay opinion testimony or self-diagnosis is insufficient to establish causation. *See Jennings v. AAON, Inc.,* No. 14 Civ. 347(CVE), 2015 WL 3465834, at *6 (N.D. Okla. June 1, 2015) (rejecting the "self-diagnosis of an impairment," and noting that plaintiff's "lay opinion [regarding] a mold allergy is inadmissible and ... is not an acceptable substitute for medical evidence or the testimony of a medical expert"); *Poulsen v. Humana Ins. Co.*, No. 14-2477-JAR-KGS, 2016 WL 1030038, at *11 (D. Kan. Mar. 10, 2016), *aff'd,* 675 F. App'x 811 (10th Cir. 2017) ("even if Plaintiff were permitted to testify that she has bipolar disorder, a reasonable factfinder could not conclude that she suffers from this particular impairment without a specific medical diagnosis or testimony from a treating physician or mental health professional."); *Montgomery v. Pinchak,* 294 F.3d 492, 504 (3d Cir. 2002) ("[Immune disorders] unlike,

10

for example, broken legs or bullet wounds, do not clearly manifest themselves in ways that are obvious and ascertainable to a lay person.... [T]o prove any serious deterioration in ... his immune system, [plaintiff] would need the testimony of a medical expert.").  A "[p]laintiff may offer h[er] lay opinion as to the symptoms [s]he is experiencing but may not offer h[er] opinion as to the underlying medical causes for h[er] symptoms and problems."  *Lamon v. Tilton*, No. 1:07-cv-00493-AWI-DLB PC, 2008 WL 5395746, at *3 (E.D. Cal. Dec. 23, 2008), *report and recommendation adopted,* No. 1:07-cv-00493-AWI-DLB PC, 2009 WL 667357 (E.D. Cal. Mar. 12, 2009).

Another case that is tangentially relevant is *Felkins v. City of Lakewood*, from the disability determination arena wherein the Tenth Circuit discussed the need to establish causation and noted that where plaintiff presented only her own declaration that she suffered from avascular necrosis which caused her difficulties in walking, standing, and lifting, the declaration was "inadmissible, however, insofar as they diagnose her condition as avascular necrosis or state how that condition causes limitations on major life activities, for those are clearly matters 'beyond the realm of common experience and ... require the special skill and knowledge of an expert witness.'"  774 F.3d 647, 652 (quoting *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011)).

In this case although Dr. Stewart accepted Plaintiff's endorsement of a metal allergy, as noted by Defendants, "[o]ne of the elements of a medical malpractice claim is causation."  *Smith v. Tenet Healthsystem SL, Inc*., 436 F.3d 879, 888 (8th Cir. 2006) (citation omitted).  In *Smith*, the Eighth Circuit cited *Echard v. Barnes-Jewish Hosp*., 98

11

S.W.3d 558, 566 (Mo. Ct. App. 2002), for the proposition that "[w]hen a party suffers a sophisticated injury, which requires surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within a lay person's understanding and expert testimony is required." *Id*. Here, Plaintiff's endorsement of a nickel allergy and conclusion that implantation of the LINX device—and not something else—caused her negative symptoms falls short of the *prima facie* burden for causation.

Plaintiff argued that causation may be proven by circumstantial evidence. Under Missouri law, "[a]lthough expert testimony is generally required to prove causation,. . .a plaintiff may prove causation by circumstantial evidence as well as direct evidence." *Delisi v. St. Luke's Episcopal-Presbyterian*, 701 S.W.2d 170, 175 (Mo. Ct. App. 1985) (citing *Kappel v. Slickman*, 401 S.W.2d 451, 453 (Mo. 1966). Even so,

> the fact that injury follows negligence does not of and in itself create liability.
> The burden is on plaintiff to prove causal connection between the two. And if
> the injury could have come from one of several causes, one or more of which
> is not the fault of the doctor, then any verdict would be based on speculation
> and surmise.

*Steele v. Woods*, 327 S.W.2d 187, 195 (Mo. 1959).

As previously noted, Plaintiff's theory of causation hinges on her claim that she suffers from a nickel allergy, an allergy she has failed to prove with medical evidence. Dr. Stewart agreed that Plaintiff has never been diagnosed with a metal allergy. (Doc. 102-2 at 33.) His belief that Plaintiff has a nickel allergy is based solely on what Plaintiff's lawyer told him. Dr. Stewart did not medically verify Plaintiff suffered from a metal allergy to confirm that her negative symptoms were in fact caused by the LINX

12

device, rather than something else.  Plaintiff's self-serving, self-diagnosis along with Dr. Stewart's adoption of Plaintiff's self-report is not sufficient to establish causation.

Furthermore, Plaintiff has failed to submit any evidence that CGSC had a duty to determine whether she had a metal allergy that would require the CGSC to prevent Dr. Richmond from performing the LINX implantation surgery.  Additionally, there is no evidence the implanted device had been recalled, that CGSC's performance was outside the standard of care of a surgical center, or that Dr. Richmond did not perform the surgery, itself, properly.

Based on the foregoing, Plaintiff is unable to establish the elements of a negligence claim, and Defendants' Motion for Summary Judgment will be granted.

Although Defendants have an outstanding Motion (Doc. 101) to exclude the testimony of Plaintiff's expert witness, the undersigned will not reach the merits of that Motion. Considering that summary judgment is granted on other grounds wholly independent of the testimony of Plaintiff's expert witness, that Motion will be denied as moot.

### C. Plaintiff's Request to Disclose Another Expert

In Plaintiff's Response (Doc. 109) to the Statement of Uncontroverted Material Facts Defendants filed in support of the Motion for Summary Judgment (Doc. 105), she requests permission to disclose an additional expert in the event this "Court grant[s] any portion of Defendants' motion."  (Doc. 109 at 6.)

Defendants claim the request "is out of time and prejudicial to Defendants" noting that Plaintiff previously had the ability to identify rebuttal experts and failed to do so

even though she had been granted time to identify such witnesses (Doc. 113 at 7-8) by October 3, 2022.  Defendants further referenced disclosure of their expert, Dr. James Moy, in the late Summer of 2022, whose opinion was in direct opposition to Dr. Stewart. Specifically, Dr. Moy opined that "the LINX device would not and did not cause an allergic reaction in" Plaintiff.  (Doc. 112-1 at 4.)

The amended deadline for identifying rebuttal witnesses was October 3, 2022. (Doc. 83 at 2.)  Plaintiff's informal request to disclose an "additional expert" via her "Response to Defendants' Statement of Uncontroverted Material Facts" on December 20, 2022 (Doc. 190 at 6), was made eleven weeks after the deadline for such disclosures in the Amended Case Management Order in conjunction with the litigation surrounding the Motion for Summary Judgment.

The Eighth Circuit Court of Appeals has reiterated that a party seeking to modify a scheduling order must always show good cause for the modification under Rule 16(b), and the measure of good cause is the party's diligence in attempting to meet the existing deadlines:

> Under Rule 16, a court "must issue a scheduling order" and such an order "must limit the time to...complete discovery[ ] and file motions."  Fed. R. Civ. P. 16(b)(1), (3)(A).  "The scheduling order may...modify the timing of disclosures under Rule 26(a)...[and] set dates for pretrial conferences and for trial[.]"  Fed. R. Civ. P. 16(b)(3)(B)(i), (vi).  A "district court has broad discretion in establishing and enforcing the deadlines."  *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).  However, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *Marmo*, 457 F.3d at 759. In other words, the "good-cause standard is not optional."  *Sherman*, 532 F.3d at 716.  "To establish good cause, a party must show its diligence in attempting to meet the progression order."  *Marmo*, 457 F.3d at 759.

14

*Petrone v. Werner Enters., Inc*., 940 F.3d 425, 435-36 (8th Cir. 2019) (holding district court erred in granting plaintiff leave to file a late expert report where plaintiff failed to show good cause to extend the expert disclosure deadline).

Here, Plaintiff has failed to demonstrate good cause for extending the deadline for expert disclosures.  If the Court were to permit the disclosure of a new expert at this late time, Defendants would need time to retain a rebuttal expert and time for the depositions of both experts would be required.  This would result in significant delays in this matter and would be prejudicial to Defendants.  Further, although Plaintiff does not indicate the subject of the proposed expert's testimony, it is unlikely an expert could cure the deficiencies set out above, namely the lack of medical evidence establishing an allergy to nickel.  Thus, Plaintiff's untimely request to disclose an additional expert will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 103) is **GRANTED** and judgment is entered against Plaintiff and for Defendants. A separate order will accompany this judgment.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude the Testimony of Kurtis Stewart, M.D. Based upon *Daubert* (Doc. 101) is found moot.

Dated this 23rd day of May, 2023.

/s/ *Abbie Crites-Leoni*
**UNITED STATES MAGISTRATE JUDGE**