UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RENEE CASTANEDA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20CV262 ACL |
| SAINT FRANCIS MEDICAL CENTER, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Cape Girardeau Surgical Clinic, Inc. and Ronald Richmond, M.D.'s ("Defendants") motion for costs as the prevailing parties in this suit. (Doc. 118.)  Defendants filed a Bill of Costs requesting an award of $5,008.35.  Plaintiff objects, arguing that she is unable to afford the costs, and that certain costs are improper. (Doc. 119.)  For the following reasons, Defendants' Motion will be granted in part.

**I.      Legal Standard**

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties.  *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009).  The costs that a federal court may tax under Rule 54(d) are enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987).  The Court may tax costs for:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts.

1

28 U.S.C. § 1920(1)-(6).   The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts."   *Cowden v. BNSF Ry. Co.,* 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014) (*quoting Brisco–Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)).

It is presumed a prevailing party is entitled to costs.   *See* Rule 54(d), Fed. R. Civ. P.; *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995).   "When an expense is taxable as a cost...there is a strong presumption that a prevailing party shall recover it in full measure."   *Concord Boat Corp. v. Brunswick Corp.,* 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted).   "The losing party bears the burden of making the showing that an award is inequitable under the circumstances."   *Id*. (internal citation and quotation omitted).

II.   Discussion

A. Inability to Pay

Plaintiff first argues that the Court should deny Defendants' motion for costs because she is unable to afford to pay the costs.   She has attached her declaration and tax forms, which reveal her income in 2022.   (Doc. 119-1.)

Defendants respond that Plaintiff's reliance on her income only is misleading, as Plaintiff received significant proceeds from settlements with the co-Defendants in this case.   Defendants produced the confidential settlement agreements to the Court for in camera review upon the Court's request.

Despite the strong presumption that a prevailing party is entitled to costs, "the Court has discretion to deny costs to the prevailing party, even in the absence of misconduct by that party." *Bolderson v. City of Wentzville*, No. 4:13-cv-02223 (CEJ), 2016 WL 1449531, at *1 (E.D. Mo.

Apr. 13, 2016) (citing *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998); *Hibbs v. K–Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary nature of cost award under Rule 54(d) and 28 U.S.C. § 1920)).  "A losing party's indigency is a factor the court should consider when determining whether to tax costs, and is a valid reason for not awarding them." *Id*. (citing *Lampkin v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003), *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1992)).  "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs."  *Id*. (quoting *Tuggles v. Leroy–Somer, Inc.,* 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004) (citation omitted)).

The Court has reviewed the financial information provided by Plaintiff and the settlement agreements submitted by Defendants, and finds that they do not substantiate Plaintiff's claim of financial inability to pay costs.  Thus, the Court will not deny Defendants' motion for costs for the reason of financial hardship.  *See In re Derailment Cases*, 417 F.3d 840, 844-45 (8th Cir. 2005) (citations omitted) (finding "economic disparities" between parties does not prevent an award of costs); *Beckley v. St. Luke's Episcopal-Presbyterian Hosps.*, No. 4:17-cv-1369 RLW, 2019 WL 2437957, at *2 (E.D. Mo. June 11, 2019) (rejecting plaintiff's financial hardship argument because she "provided no evidence she will suffer severe financial hardship if the Court awards costs").

### B.  Plaintiff's Objections to Specific Costs

Defendants' requested costs relate to six deposition transcripts.  Plaintiff first argues that she should not have to pay for any transcripts that Defendants did not use in support of their Motion for Summary Judgment.

3

District courts have discretion to award deposition costs "if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'" *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quoting *Slagenweit v. Slagenweit*, 63 F.3d 719, 720 (8th Cir. 1995)).   The test for necessity is "whether the depositions reasonably seemed necessary at the time they were taken." *Id.* (quotation omitted).   "A deposition taken within the proper bounds of discovery will normally be deemed to be necessarily obtained for use in the case." *Major Brands, Inc. v. Mast-Jägermeister US, Inc.*, No. 4:18CV423 HEA, 2022 WL 4646061, at *2 (E.D. Mo. Sept. 30, 2022) (quotation omitted).

The fact that Defendants did not cite to a deposition transcript in support of their Motion for Summary Judgment does not demonstrate the deposition was purely investigative or unnecessarily obtained.   In fact, three of the deponents—Ronald Richmond, M.D.; Brook Chavez, R.N.; and Vereline Johnson—were taken by Plaintiff.   (Doc. 120-1.)   As such, Plaintiff cannot claim that these depositions were not necessary or purely investigative.   The remaining depositions were of Plaintiff Renee Castaneda; Plaintiff's expert, Dr. Kurtis Stewart; and Plaintiff's daughter, Keisha Juarez, who was present at the time of the alleged negligence.   All of these deponents were key fact and opinion witnesses.   Thus, Plaintiff has not overcome the presumption that Defendants are entitled to recover their costs associated with deposing Plaintiff, Dr. Stewart, or Ms. Juarez.

Plaintiff next argues that she should not have to pay for Defendants' additional "add on" costs to deposition transcripts, such as items labeled "Production & Processing" fee and "Litigation Package-Secure File Suite."   (Doc. 119 at 3-4.)   Plaintiff argues that these fees are not taxable as costs because they are for the convenience of counsel, rather than a necessity for

4

trial.  She further objects to the $232.10 charged for exhibits related to Dr. Richmond's deposition, noting that the parties already had such exhibits.

Defendants respond that none of the items included on deposition invoices were add-ons, Instead, Defendants state that the items were "simply part of the fees charged by the court reporting service for attending the deposition, transcription services, providing video connection services, and preparation of the deposition transcripts."   (Doc. 120 at 3.)

A cost that is merely associated with a deposition is not compensable.  *See Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 572 (2012); *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (holding shipping and handling expenses for deposition transcripts are not compensable under § 1920; they are merely costs associated with the deposition).

The Court has reviewed the deposition invoices at issue.   The costs for obtaining transcripts of the six depositions in this case are taxable under the statute.   The Court, however, declines to tax Plaintiff for the items in the invoices that Plaintiff describes as "add ons." Additionally, Defendants are not entitled to reimbursement for copies of exhibits related to Dr. Richmond's deposition that the parties already had in their possession.   Even if the charges described above are authorized under the statute, the Court finds that deducting these costs is appropriate given the relative financial status of the parties.  *See Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (holding district court did not abuse discretion by considering plaintiff's limited financial resources when awarding partial costs).

The Court will, therefore, deduct the following items from Defendants' taxable costs:

1. Dr. Richmond's deposition:   "Exhibits:" $232, "Litigation Package-Secure File Suite:" $30, and "Production & Processing:" $55.   Total deduction: **$317**

5

2. Renee Castaneda's deposition: "Attendance Per Hour-Virtual-Transcribed:" $150, "E-Tran-Litigation bundle:" $45, "Video Conference-Connection Fee:" $150.   Total deduction: **$345.**

3. Dr. Stewart's deposition: "Attendance Per Hour-Virtual-Transcribed:" $150, "E-Tran-Litigation bundle:" $45, "Video Conference-Connection Fee:" $150.   Total deduction:    **$345**.

4. Ms. Juarez's deposition: "Attendance-Two Hour Minimum Virtual-Transcribed:" $100, "E-Tran-Litigation bundle:" $45, "Video Conference-Connection Fee:" $75.   Total deduction:   **$220.**

Total Deduction for All Depositions: **$1,227.**

Thus, the Court will deduct $1,227 from Defendants' request of $5,008.35, which results in a cost award of $**3,781.35**.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Costs (Doc. 118) is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against Plaintiff and in favor of Defendants Cape Girardeau Surgical Clinic, Inc. and Ronald Richmond, M.D. in the amount of $**3,781.35**.

Dated this 12th day of October, 2023.

                                                /s/ Abbie Crites-Leoni
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE